**Lester CONNELL et al., Plaintiffs,**

v.

**BERNSTEIN–MACAULEY, INC., etc., Defendants.**

**Nos. 72 Civ. 3272 (W.K.), 73 Civ. 4136 (M.E.F.), 74 Civ. 391 (E.W.) and 74 Civ. 2426 (E.W.)**

United States District Court,
S. D. New York.

May 6, 1975.

Jack Last, New York City, for plaintiffs Connell, and others.

Willkie, Farr & Gallagher, New York City, for defendants Shearson Hayden Stone, Inc., Bernstein-Macauley, Inc., Roger S. Berlind, and Sanford I. Weill; Louis A. Craco, Kenneth J. Bialkin, L. Robert Griffin, Stephen Greiner, Thomas C. O'Keefe, Anthony F. Phillips, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for plaintiffs U. S. Steel and Carnegie Pension Fund Inc., and others; Robert A. Bicks, Joseph P. Dailey, New York City, of counsel.

Keane & Butler, New York City, for defendant Henry Orenstein.

Shearman & Sterling, New York City, for defendant First National City Bank; W. Foster Wollen, New York City, of counsel.

Fulton, Walter & Duncombe, New York City, for defendant Peter L. Bernstein; George Rowe, Jr., Michael J. Gaynor, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendant Arthur Young & Co.; Robert B. Fiske, Jr., Nicholas Weiskopf, Ogden N. Lewis, New York City, of counsel.

Sipser, Weinstock, Harper & Dorn, New York City, for William J. Taylor, and others; Donald E. Klein, New York City, of counsel.

Mordecai Rosenfeld, New York City, for 65 Security Plan Pension Fund.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendants Shearson Hayden Stone Inc., Bernstein-Macauley, Inc., Roger S. Berlind and Sanford I. Weill (hereinafter collectively referred to as the Hayden Stone defendants) have moved [1] for an order, pursuant to Fed.R.Civ.Proc. 42

---

1. A similar motion was made on March 14, 1974 before Judge Bauman by the same defendants, in the *Connell* action. On April 23, 1974, Judge Bauman issued an order denying the relief requested—without prejudice to its renewal—but consolidating the actions for discovery purposes only.

(a), consolidating the following actions for trial:

Connell v. Bernstein-Macauley, Inc., 72 Civ. 3272 (WK) ("Connell"); Taylor v. Bernstein-Macauley, Inc., 73 Civ. 4136 (M.E.F.) ("Taylor"); United States Steel and Carnegie Pension Fund, Inc. v. Orenstein, 74 Civ. 391 (E.W.) ("U. S. Steel"); The 65 Security Plan Pension Fund v. Hayden Stone, Inc., 74 Civ. 2426 (E.W.) ("65 Security Plan")

 There is no doubt in anyone's [2] mind, including the Court's, that some form of consolidation is advisable, in light of the at least partial similarity of issues and parties in these four actions. Because of this overlap of issues and parties, it would be a waste of judicial time and energy, as well as an unreasonable burden on the litigants and their attorneys, to proceed with four separate and lengthy trials. There is considerable dispute, however, as to what form consolidation should take. The various parties have outlined essentially three different proposals: (1) consolidation of all four cases, (2) a consolidation of all the issues common to the four actions, with a severance for later disposition of the remaining issues peculiar to each action, and (3) a consolidation of just the *Connell* and *United States Steel* cases. For the reasons which follow, I, have decided to pursue the last described suggestion.

Both *Connell* and *United States Steel* arise solely out of a private placement of $5,250,000 worth of 7½% Convertible Subordinated Debentures of Topper Corporation ("Topper"), completed on September 28, 1971 ("1971 Private Placement"). The plaintiffs in these two actions allege, in essence, that they were induced by various misrepresentations and omissions by the various named defendants to purchase the Debentures, which later proved worthless upon Topper's subsequent adjudication in bankruptcy. While the *Connell* plaintiffs seek damages in the amount of $250,000, the *United States Steel* plaintiffs seek damages in the aggregate amount of $4,250,000. The chief defendant in both actions—Hayden Stone—is a brokerage and investment banking firm which acted as Topper's agent in the 1971 Private Placement. In that connection, it prepared an Offering Memorandum for distribution to prospective purchasers which had attached to it a prospectus dated April 29, 1971. This prospectus in turn continued allegedly misleading financial statements for Topper for the year 1970, which it is claimed the Hayden Stone defendants knew or should have known to be false and misleading.

Messrs. Weill and Berlind, defendants in the *United States Steel* action, were officers and directors of Hayden Stone and outside directors of Topper. Henry Orenstein, also a defendant in the *United States Steel* action, was the founder and chief executive officer of Topper. Bernstein-Macauley, Inc.—a wholly owned subsidiary of Hayden Stone—rendered investment advisory services to the plaintiffs in both *Connell* and *United States Steel*. Finally, defendant First National City Bank ("FNCB") acted not only as investment advisor to certain of the plaintiffs in the *United States Steel* action, but also was Topper's secured lender and chief source of financing. The claim against FNCB is that although it knew of Topper's deteriorating financial condition it failed to report on such condition to the plaintiffs.

The *Taylor* and *65 Security Plan* cases, on the other hand, concern both issues and parties not involved in the *Connell* and *United States Steel* ac-

---

2. The *Connell* plaintiffs had initially opposed any form of consolidation, for fear that it would postpone the Spring, 1975 trial date that it had hoped for. Since it is now clear that the Court's calendar will not permit of a trial in any event before the Fall of this year, they have reluctantly withdrawn their objections.

tions. In the first place, they both name as a party defendant the accounting firm of Arthur Young & Co. ("Arthur Young"), claiming that it had improperly certified Topper's allegedly misleading 1970 financial statements. Arthur Young's liability on the charge of improper certification will depend on whether its certification of Topper's financial statements was in accordance with generally accepted accounting standards. Such a determination is not necessitated by either the *Connell* or the *United States Steel* action, neither of which name Arthur Young as a defendant. Although it is not a party to those actions, the Hayden Stone defendants have sought to bring it in by moving for leave to assert cross-claims against it (as to which see *infra*).

Secondly, only one of the three causes of action asserted in *Taylor* relate to the 1971 Private Placement, the transaction which gave rise to both *Connell* and *United States Steel*. The other two claims in *Taylor* relate to the purchase of $250,000 worth of Subordinated Topper Notes a year earlier, on January 29, 1970, and the extension of the maturity date of said Notes from July 30, 1971 until June 30, 1972.

█ Since *Taylor* and *65 Security Plan* involve issues not raised and parties defendant not named in *Connell* and *United States Steel*, I have decided, in the exercise of my discretion, not to consolidate all four actions, but rather to consolidate only *Connell* and *United States Steel*—the two cases with the most similarity of issues and parties. Moreover, of the four actions sought to be consolidated, only *Connell* is non-jury. Consolidation of the already complex is-

sues concerning insider liability raised in *Connell* and *United States Steel* with the even more complex and subtle issue of the liability of independent auditors raised in *Taylor* and *65 Security Plan* would only serve to unnecessarily confuse the jury. Cohen v. Franchard Corporation (2d Cir. 1973) 478 F.2d 115, 117. Although the suggestion of the *United States Steel* plaintiffs that I consolidate on an issue rather than a case basis is appealing in a theoretical sense, as a practical matter, it would take more time than it is worth to separate out all the issues raised in the four cases, decide which ones are common and which are not, and then try them all on a separate basis.

The decision to consolidate only the *Connell* and *United States Steel* cases for trial shall in no way interfere with the continuation of discovery in all four cases on a joint basis. The parties are directed to continue their consolidated discovery apace before Magistrate Schreiber with September 15, 1975 set as the date by which all discovery is to be completed. At that time, a pretrial order will be drawn up under the supervision of the Magistrate and the consolidated actions (at least) marked ready for trial as of October 15, 1975.

As mentioned earlier, the Hayden Stone defendants have also moved—in the *Connell* and *United States Steel* actions—for leave to file cross-claims for contribution and indemnity against certain already named defendants and other persons or corporations not as yet parties, pursuant to F.R.C.P. 13(g) and (h). The primary entity they wish to bring into the lawsuits via their proposed cross-claims is Arthur Young.[3] Peter

3. In the *Connell* cross-claim motion, they also seek to add the following people (hereinafter collectively referred to as "Topper officers") : Henry Orenstein (shareholder—president and director of Topper), Jack J. Rose (the senior vice president—Finance, secretary and a director of Topper), Julius H. Schwartz (vice president—Finance and

treasurer of Topper), David L. Downs (executive vice president—Corporate Development and a director of Topper), Mason Benson (vice president—National Account Sales of Topper), Sanford L. Obolsky (controller of Topper), and Alex W. Hughes, Jr. (National Sales Manager of Topper). In the *United States Steel* cross-claims motion, they also

Bernstein, a named defendant in *Connell*, joins in these motions.

The proposed cross-claims are of two types: (1) cross-claims pursuant to Rule 13(g), F.R.C.P. against entities already parties to the actions, and (2) cross-claims pursuant to Rule 13(h) F.R.C.P., against certain persons or companies not now defendants, together with already named defendants. As against Arthur Young, they allege that it improperly certified Topper's 1970 financial statements, thus misleading the proposed cross-claimants. The proposed cross-claim against FNCB—already a named defendant—asserts that had FNCB disclosed Topper's deteriorating financial condition to the prospective purchasers, the 1971 Private Placement would never have been consummated. Finally, the proposed cross-claims against the various Topper officers mentioned above (see Footnote 3) allege that they knew or should have known that the 1970 financial statements were misleading and that they withheld certain material facts in that respect from the Hayden Stone defendants and the plaintiffs.

■■ A careful review of the proposed cross-claims reveals that most of them are more in the nature of third-party impleader claims, which are governed by F.R.C.P. 14(a) and Local Rule 16, than cross-claims, which are governed by F.R.C.P. 13(g) and (h). In the first place, they seek contribution and indemnity as against the proposed cross-claim defendants only "if judgment is rendered for plaintiffs and against cross-claimants." Such contingent claims, especially when asserted against persons not already parties to the action, are ordinarily made under F.R.C.P. 14(a), which provides that:

" . . . [A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him * * *"

Although the same "is or may be liable" language appears in Rule 13—under which the movants propose to assert their cross-claims—the actual operation of the Rule as it relates to claims against non-parties is quite limited. In fact, additional parties can only be joined by means of a cross-claim if their presence "is required for the granting of complete relief in the determination of the cross-claim." Moore's Federal Practice ¶ 13.39 at p. 992 (2d ed. 1974). Subdivision (h) of Rule 13—which allows for the joinder of additional parties—can only be utilized to permit such joinder under a cross-claim where the claim is jointly asserted against at least one existing party and persons as yet not party to the action so as to render the inclusion of such third persons essential to the litigation of the cross-claim.[4] Although the proposed cross-claims technically meet this "one existing party" requirement, the presence of the additional parties (e. g., Arthur Young) does not appear to be essential to the litigation of the cross-claims, nor is it necessary for the granting of complete relief thereon. In the *United States Steel* case for example, the moving defendants' ability to litigate their proposed cross-claims against Orenstein and FNCB—who are already parties to the action—does not appear to be conditioned in any way upon the inclusion of Arthur Young as a cross-claim defendant. In fact, each of the proposed cross-claims in both *Connell* and *United States Steel* are separate and distinct in terms of content and underlying theory of recovery. While asserting their cross-claims collectively in their proposed pleadings, the moving defendants in reality assert multiple cross-claims

---

seek to add Rose, Schwartz, Downs, Benson, Obolsky and Hughes (Orenstein already being a defendant).

4. 6 Wright & Miller, Federal Practice and Procedure § 1435, at p. 188 (1971).

against multiple party defendants and proposed third party defendants, with no real link between them. For example, the proposed cross-claims against the various Topper officers are in no way related to the proposed claim against Arthur Young, although the movants have pleaded them jointly in an effort to come under the umbrella of Rule 13 (h). As a result, those claims which seek to add additional parties are more appropriately viewed as Rule 14 (impleader) claims, rather than Rule 13 cross-claims.

 The significance of this distinction becomes apparent when Rule 14 is read in conjunction with Local Rule 16 of the Southern District of New York's Civil Rules, which requires that all motions for leave to bring in a third party defendant under F.R.C.P. 14 be made within six months from the service of the moving party's answer. Under the clear mandate of Local Rule 16, the instant motions to assert claims against additional parties are untimely,[5] unless the movants can make a showing of "special circumstances."[6] The courts have outlined the following factors to be considered in determining when a third party claim fits within the "special circumstances" exception to the Six Month Rule: (1) whether the third party plaintiff effected any deliberate delay or was derelict in filing the claim, (2) whether prejudice will result to the third party defendant, and (3) whether the trial of the principal action will be delayed or unduly complicated. State Mutual Life Assurance Co. v. Arthur Andersen & Co. (S.D.N.Y.1975) 65 F.R.D. 518; Moore v. American Export Isbrandtsen Lines, Inc. (S.D.N.Y.1972) 56 F.R.D. 565; Goodman v. Neff (E.D.Pa.1966) 251 F.

Supp. 562 (construing a similar local rule in the Eastern District of Pennsylvania). The moving defendants have failed to meet their burden under any of the above tests. More than a year has elapsed since the movants interposed their answers in both *United States Steel* and *Connell*. During that period, they have been fully familiar with Arthur Young's role in the 1970 audit of Topper, both by reason of having had for a full year transcripts of Arthur Young's testimony before the SEC in that agency's investigation of the subject matter of their claim against Arthur Young and by virtue of being co-defendants with Arthur Young in a class action filed in 1971 entitled Jones v. Orenstein, et al., which is not now before me on either the consolidation or the cross-claim motions. Indeed, in April of 1974, the Hayden Stone defendants advised the Court that they intended to assert cross-claims at least against Arthur Young. Why they have waited until now to assert them has not been satisfactorily explained.

Moreover, from their own affidavits, it is apparent that they were on notice of the facts giving rise to their proposed claims against the various Topper officers at least as early—if not earlier —as they became familiar with Arthur Young's role.

Injection of additional parties into these lawsuits at this late date would inevitably delay completion of discovery and unnecessarily complicate the issues to be presented to the jury. Although Arthur Young may have been present at some of the depositions conducted in *Connell* and *United States Steel* by virtue of the earlier consolidation for pretrial purposes only of all four

---

5. In *United States Steel*, the answers of the Hayden Stone defendants were interposed on April 1, 1974 and their amended answers were served on April 19, 1974. In *Connell*, their final amended answers were interposed on April 22, 1974.

6. Local Rule 16 reads, *inter alia*, as follows: "* * * motions of this nature may be granted after the expiration of such period in exceptional cases upon a showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the Court deems fair and appropriate."

actions, their participation was limited by the scope of the pleadings. Were they joined as defendants in the *Connell* and *United States Steel* actions at this late date, they would—in all fairness—have to be permitted to redepose all relevant parties. This is even more true with respect to the various Topper officers whom the movants wish to join now as defendants, for they were not parties to any of the four Topper Private Placement actions now before me. The remaining cross-claim defendants—namely, Henry Orenstein and FNCB—are, however, already parties to the actions and have been fully represented during the discovery proceedings. Therefore, as to them, I see no reason not to grant defendants' motion. On the other hand, that portion of the motion that seeks to assert cross-claims against the various Topper officers and Arthur Young—who are not already parties—is denied. The partial denial of defendants' motion of course does not preclude them from filing a separate action for indemnity and contribution against Arthur Young and the Topper officers should they ultimately be found liable to the plaintiffs.

So ordered.