In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

MDL No. 381 (all cases).

United States District Court, E.D. New York.

Feb. 3, 1984.

Arthur, Dry & Kalish, P.C. by Thomas A. Beck, Shea & Gould by Bruce A. Hecker, New York City, for movant, defendant Uniroyal, Inc.

Rivkin, Leff Sherman & Radler by Marjorie D.H. Mintzer, Garden City, N.Y., for opponent, defendant Dow Chemical Co.

## PRETRIAL ORDER NO. 90

WEINSTEIN, Chief Judge:

Plaintiffs, Vietnam veterans and members of their families, have sued seven chemical companies for injuries allegedly resulting from exposure in Vietnam to herbicides manufactured by defendants. *See In re "Agent Orange" Product Liability Litigation*, 100 F.R.D. 718, —— (E.D.N.Y. 1983). Trial is scheduled to begin on May 7, 1984. Pursuant to Federal Rule of Civil Procedure 14, Uniroyal has moved to implead the companies which supplied it with a component of the herbicides claimed to have been harmful. Plaintiffs and one defendant oppose the motion. For the reasons indicated below, Uniroyal's motion is denied.

Uniroyal was first named in an "Agent Orange" case on September 17, 1979. It filed its answer on February 22, 1980. The case was transferred to this court on April 14, 1980 pursuant to the Multidistrict Litigation Statute. 28 U.S.C. § 1407. *See Coffey v. Dow*, CV 80–0991.

No substantial changes affecting Uniroyal's defenses or claims against non-parties were made in the various superceding complaints filed by plaintiffs. A Sixth amended complaint was served on or about December 14, 1983.

This court's pretrial order dated December 14, 1979 requested all defendants to file third-party complaints by January 4, 1980. Uniroyal nonetheless chose to wait until August 1982 before moving to implead. Its motion was denied on the ground that additional defendants "can only confuse this

already complex litigation." *In re "Agent Orange" Product Liability Litigation,* 544 F.Supp. 808 (E.D.N.Y.1982). Uniroyal has now renewed its motion. Trial is set for May 7, 1984.

## LAW

■ If a party files a third-party complaint within ten days after serving an answer, he may implead without leave of the court. Otherwise, he may implead only by obtaining "leave on motion upon notice to all parties to the action". Fed.R.Civ.Pro. 14(a).

■ Uniroyal contends that it should be allowed to implead as of right since its complaint was filed within ten days of its answer to plaintiff's sixth amended complaint. It misconstrues the ten day rule. The filing of an amended complaint that does not change the need for impleader does not afford an opportunity to implead without leave of the court. Cf. *Nelson v. Quimby Island Reclamation District Facilities Corporation,* 491 F.Supp. 1364, 1387 (N.D.Cal.1980) (Purpose of rule "is to give the defendant an incentive to implead the third person seasonably").

While the plaintiff's latest complaint makes no reference to its previous complaints, it does adopt substantially the allegations of the first complaint. Uniroyal was, therefore, on notice from the time of the filing of the first complaint of all facts relevant to the impleader claim.

■ Alternatively, Uniroyal contends that if it may not implead as of right, it should be allowed to do so with leave of court. Fed.R.Civ.Pro. 14(a). Impleader will be permitted where it would not prejudice the rights of other parties and joint trial would "avoid two actions which should be tried together." 3 Moore's Federal Practice, ¶ 14–04. The decision to allow impleader is made in "the discretion of the court." *Rosario v. Amalgamated Ladies' Garment Cutters Union, Local 10, I.L.G. W.U.,* 605 F.2d 1228, 1247 (2d Cir.1979), cert. denied, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980).

The uniform Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York provide that generally motions to implead should be made within six months of answer unless there are special circumstances. Rule 3(k) states:

A motion for leave to bring in a third party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made within six (6) months from the date of service of the moving party's answer to the complaint, except that motions . . . may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the court deems fair and appropriate.

■ This court has the authority to promulgate local rules related to the management of the court's business so long as they are not "inconsistent with" Acts of Congress or rules prescribed by the Supreme Court. 28 U.S.C. § 2071; Rule 83, Rules of Civil Procedure; *In re Sutter,* 543 F.2d 1030, 1037 (2d Cir.1976). A local rule does not limit the discretion granted by a rule of Civil Procedure. The court thus retains the broadest discretion in applying its local rules. *Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140, 143–44 (1st Cir.1976); *Bardin v. Mondon,* 298 F.2d 235, 238 (2d Cir.1961); *People of State of N.Y. v. Muka,* 440 F.Supp. 33, 36–37 (N.D.N.Y.1977). Nevertheless, the local rule does give notice to the bar of an important uniform court policy in the Southern and Eastern Districts respecting impleader. Attorneys violate the six-month rule at their peril.

■ In applying Rule 14(a) of the Rules of Civil Procedure and local Civil Rule 3(k), the court will consider whether (1) the movant deliberately delayed or was derelict in filing its motion; (2) whether impleading would delay or unduly complicate the trial; and (3) whether impleading would prejudice the third party defendants. *See, e.g., E.F. Hutton v. Jupiter Development Corp.,* 91

F.R.D. 110, 113 (S.D.N.Y.1981); *Connell v. Bernstein-Macauley,* 67 F.R.D. 111, 115–116 (S.D.N.Y.1975). Weighed against these adverse considerations is the policy of allowing impleader if a joint trial would save judicial and party resources. Rule 14(a) was "designed to avoid multiplicity of litigation, particularly in protracted and complicated suits." *Lyons v. Marrud,* 46 F.R.D. 451, 454 (S.D.N.Y.1968).

This court has already found that allowing Uniroyal to implead would "confuse this already complex litigation." *In re "Agent Orange" Product Liability Litigation,* 544 F.Supp. 808, 811 (E.D.N.Y.1982). *See also Federal Deposit Insurance Corp. v. National Surety Corp.,* 13 F.R.D. 201, 203 (E.D.Wis.1950) (impleader denied where presence of third party would "obscure and confuse the efforts of plaintiff to establish its claim"). With trial less than four months away, the cost of impleader to the present parties would be enormous. There is little doubt that the proposed third-party defendants, all of whom are residents of foreign countries, would require additional discovery. That discovery, entailing recalling of many witnesses already deposed at length, would complicate and might require postponement of the trial, adding to the cost of all present parties and frustrating their reasonable expectations of prompt dispositions. *See Kopan v. George Washington University,* 67 F.R.D. 36 (D.D.C.1975).

The defendant bears the burden of showing excuse for delay. *State Mutual Life Insurance Co. v. Arthur Anderson,* 65 F.R.D. 518 (S.D.N.Y.1975). It cannot meet this burden by the bald assertion that at the time this action began, it was "inappropriate" to file the motion. Uniroyal concedes that plaintiff's first complaint provided adequate notice that its component suppliers of Agent Orange might be liable to them. It has provided no showing that those parties could not have been impleaded at that time.

In light of the seriousness of plaintiff's claims, the time and expense already spent in trial preparation and Uniroyal's failure to provide adequate excuse for delay, impleader now would be entirely inappropri-

ate. Uniroyal will not be substantially prejudiced by denial of its motion. Impleader imparts no substantive rights. 3 Moore's Federal Practice, ¶ 14.03. If Uniroyal is found liable to the plaintiffs, it can sue the proposed third-party defendants for contribution or indemnification. If it is found not liable the prospective third parties will be saved a great deal of expense.

The motion to implead is denied.

SO ORDERED.