CONSOLIDATED RAIL
CORPORATION,
Plaintiff,

v.

Robert METZ, Elizabeth Metz, and
Delia Construction Corporation,
Defendants.

C. Hugh HILDESLEY, Defendant and
Third Party Plaintiff,

v.

PENN CENTRAL CORPORATION,
Third Party Defendant.

Robert METZ and Elizabeth Metz,
Defendants and Third Party
Plaintiffs,

v.

PENN CENTRAL CORPORATION,
Third Party Defendant.

No. 82 Civ. 3171 (SWK).

United States District Court,
S.D. New York.

March 25, 1987.

Rogers, Hoge & Hills, New York City by James N. Blair, for plaintiff.

Rivkin, Leff, Sherman & Radler, Garden City, N.Y. by Frank L. Amoroso, Erica B. Garay, for defendants Robert and Elizabeth Metz.

Lansing R. Palmer, New York City, for defendant and proposed third party defendant the Reverend C. Hugh Hildesley and proposed third party defendant Constance P. Hildesley.

KRAM, District Judge.

Subject matter jurisdiction in this case is founded on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff Consolidated Rail Corporation ("Conrail") brought the primary action to seek injunctive relief and damages for interference with its right of way caused by certain construction work performed on the adjacent properties of defendants Robert and Elizabeth Metz (the "Metz defendants") and C. Hugh Hildesley ("Hildesley"). After an order of settlement with Hildesley was entered in April 1983, plaintiff moved for summary judgment against the Metz defendants and the Metz defendants cross-moved for summary judgment. The Court decided that motion and cross-motion in Conrail's favor by Memorandum Opinion and Order dated March 7, 1987. The case is presently before the Court on the Metz defendants' motion to serve a third party summons and complaint under Rule 14(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Metz defendants' motion is denied.

## FACTS

The underlying facts are set forth in the Court's Memorandum Opinion and Order dated March 7, 1987, and will not be repeated here. The Metz defendants seek leave to serve a third party summons and

complaint upon Hildesley, Constance P. Hildesley, his wife, Hill Brun Construction Corporation ("Hill Brun"), which performed certain construction and grading work on the Hildesley's and the Metz's properties, Bruno Delia, the president of Hill Brun, and Abraham Hertzberg, an engineer who drafted the plans and specifications for the construction and grading work done by Hill Brun.

The Metz defendants' proposed third party complaint contains nine causes of action. The first cause of action against the Hildesleys, Delia, Hill Brun, and Hertzberg alleges negligent excavation and grading in performing work on the Metz and Hildesley properties. The second cause of action against Hildesley alone alleges negligence in failing to obtain license to enter and protect the Metz defendants' property from the excavation and grading of the Hildesley's property. The remaining seven causes of action are claims for contribution or indemnification arising from the alleged negligence, breach of contract and breach of fiduciary duty by the Hildesleys, Delia, Hill Brun and Hertzberg.

Conrail opposes the Metz defendants' motion for leave to serve the third party summons and complaint on the grounds that (1) the Metz defendants have not met their burden of justifying the service of a third party complaint well beyond the six month time limit set by Rule 3(k) of the uniform Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, (2) the claims are not meritorious in light of the pleadings, and (3) at least two of the claims are incorrectly brought in a third party complaint. The Hildesleys oppose the Metz defendants' motion on essentially the same grounds as Conrail and, in addition, on the grounds that (1) none of the claims can be asserted against the Hildesleys because they entered into a stipulation with the Metz defendants providing that neither would assert any crossclaims against the other in this action, (2) none of the claims can be asserted against Hildesley because he has already settled with Conrail and because a Rule 14(a) claim cannot be maintained against a person already a party to the action, and (3) the claims should not be allowed because the Metz defendants failed to file a memorandum of law pursuant to Rule 3(b) of the uniform Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## DISCUSSION

The Metz defendants move under Rule 14(a) of the Federal Rules of Civil Procedure for leave to serve and file a third party complaint. Rule 14(a) provides in relevant part that "[a]t any time after commencement of the action a defending party may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Fed.R.Civ.P. 14(a). Unless the defendant files the third party complaint within ten days of the filing of his answer in the action, however, the defendant "must obtain leave [of the court] on motion upon notice to all parties to the action." Id.

Although Rule 14(a)'s purpose is to promote judicial economy, achieve consistency of results and avoid circuity of action, the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court. *Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 14, 20 (S.D.N.Y.1985). Indeed, it has been noted that the district court is vested with "considerable discretion" in deciding whether to permit or strike a third party complaint. *Old Republic Insurance Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983). In making such a determination, the district court must balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and third party defendants. *Oliner*, 106 F.R.D. at 20; *State Mutual Life Assurance Company of America v. Arthur Andersen & Co.*, 65 F.R.D. 518, 520 (S.D. N.Y.1975).

Rule 3(k) of the uniform Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York provides:

A motion for leave to bring in a third party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made within six (6) months from the date of service of the moving. party's answer to the complaint or reply to the counterclaim, except that motions of this nature may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the court deems fair and appropriate.

Thus, after six months from the date of the defendants' answer, a motion for leave to bring in a third party defendant may only be granted in exceptional cases and upon a showing of both special circumstances and necessity. *See Mountain Pride Farms, Inc. v. Dow Chemical Co.*, 95 F.R.D. 400, 403 (S.D.N.Y.1982); *E.F. Hutton & Co. v. Jupiter Development Corp. Ltd.*, 91 F.R.D. 110, 113 (S.D.N.Y.1981). Attorneys who violate this six month rule do so at their own risk. *Oliner*, 106 F.R.D. at 21; *In re "Agent Orange" Product Liability Litigation*, 100 F.R.D. 778, 780 (E.D.N.Y. 1984).

The Court's role is to determine whether the requisite special circumstances and necessity exists. Factors which the Court should consider in making such a determination include (1) whether the movant deliberately delayed or was derelict in filing its motion; (2) whether prejudice will result to the third party defendant; (3) whether the trial of the principal action would be delayed or unduly complicated; and (4) whether the proposed third party complaint states a claim under which relief may be granted. *E.F. Hutton & Co. v. Jupiter Development Corp. Ltd.*, 91

F.R.D. at 113. Weighed against these adverse considerations is the policy of allowing impleader if a joint trial would save judicial and party resources. *"Agent Orange"*, 100 F.R.D. at 781. With these factors in mind, the Court determines that the Metz defendants' motion should be denied.

Conrail and the Hildesleys argue that the Metz defendants knew the necessary and relevant facts for almost a year before moving to serve their third party complaint, did not attempt to explain the delay in their moving papers, and, as a result, did not meet their burden of justifying the lateness of the motion. Conrail also argues that granting leave to file a third party complaint would greatly delay the remedying of Conrail's injury because it would result not only in further discovery, but also in repetition of previous discovery. The Metz defendants, in a belatedly submitted memorandum of law in support of their Rule 14(a) motion,[1] argue that they were not dilatory or derelict in their delay because they only learned certain relevant information at the deposition of Conrail's expert taken only two months before they filed their motion. However, the Court has reviewed the relevant materials and finds that the Hildesley building permit and application, produced to the Metz defendants in January 1983, provided sufficient notice of the potential for third party claims for contribution and indemnity. Moreover, although the Metz defendants had notice of the relevant allegations in January 1983, they made no attempt to implead Hildesley when he settled with plaintiff in August 1983.

Under Rule 14(a) and local Rule 3(k), the defendants have the burden of showing reasonable excuse for the delay. *Oliner*, 106 F.R.D. at 21 (citing *"Agent Orange"*, 100 F.R.D. at 781). Here, the Metz defendants have not sustained that burden. The

---

**1.** Although the Metz defendants' papers, filed some three weeks following the adjourned return date, are denominated "reply affidavits" and "reply memorandum of law", the memorandum in fact is the first memorandum of law submitted in support of the Metz defendants Rule 14(a) motion, inasmuch as no memorandum of law was originally served with the moving papers.

**220**

Metz defendants have not offered any reasonable explanation for their delay, and it therefore must be assumed that they acted in an unduly dilatory fashion. *Oliner*, 106 F.R.D. at 21 (citing *Connell v. Bernstein Macauley, Inc.*, 67 F.R.D. 111, 116 (S.D.N.Y.1975). Furthermore, the Metz defendants have made no attempt to show that there were any special circumstances that would justify granting the motion for impleader.

The Metz defendants also argue that the issues raised in their proposed third party complaint are interrelated to those raised in the primary action and that permitting them to serve their third party complaint will result in all issues being determined in a single suit with all the parties present. However, since the Metz defendants filed the instant motion, the Court has decided the primary action in Conrail's favor on motion and crossmotion for summary judgment. As a result, there will be no trial in the primary action, and allowing impleader will not save judicial and party resources here. For the same reasons, allowing impleader now will also be prejudicial to Conrail.

Moreover, denying the Metz defendants' motion will not prejudice the Metz defendants' rights since the denial does not preclude a separate action for indemnity and contribution. *Oliner*, 106 F.R.D. at 21. *See Connell*, 67 F.R.D. at 116; 3 J. Moore, *Moore's Federal Practice* ¶ 14.03 (2d ed. 1985). Although the Court is of the opinion that Conrail's and the Hildesley's other contentions may be meritorious, the Court need not reach these issues. Because the Metz defendants' motion for leave to serve a third party complaint is untimely and prejudicial, it is hereby denied.

## CONCLUSION

For the reasons set forth above, the Metz defendants' motion requesting leave to implead four third party defendants is denied in all respects.

SO ORDERED.