**Carmen M. Delgado TAPIA, Plaintiff,**

v.

**ST. MORITZ CORP., d/b/a Restaurant St. Moritz, et al., Defendants.**

**Civ. No. 92–1528(PG).**

United States District Court,
D. Puerto Rico.

Dec. 14, 1993.

Dennis A. Simonpietri, Hato Rey, PR, for plaintiff.

Rafael Fuster–Martínez, Ponce, PR, for co-defendant Dr. Rafael Otero Hernández.

### OPINION AND ORDER

#### Introduction

PEREZ–GIMENEZ, District Judge.

On July 16, 1992, co-defendant St. Moritz Restaurant ("SMR") filed an Answer to the Complaint. On October 1, 1992, SMR filed an Amended Answer. On November 18, 1992, SMR filed its Answer to the "Co–Party Complaint" filed by co-defendant Dr. Rafael Otero Hernández ("ROH"). Approximately one month later, on December 15, 1992, SMR filed a motion entitled "Cross–Claim" (Docket # 21) asserting a claim against ROH. ROH has asked the court to strike SMR's cross-claim. (Docket # 27).

ROH argues that (1) SMR's Cross–Claim should be stricken because a cross-claim must be stated as part of an Answer and SMR did not include the cross-claim in its Answer or Amended Answer to plaintiff's Complaint, or in its Answer to the Co–Party Complaint filed by ROH; and (2) SMR should not be given leave to amend the pleadings it has already filed, because it has not requested leave to amend.[1] Although First Circuit caselaw does not address definitively either contention, the First Circuit's opinion in *In re Arthur Andersen & Co.*, 621 F.2d 37, 41 (1st Cir.1980) provides guidance with respect to the former. On the basis of this precedent, I accept SMR's cross-claim as filed and deny ROH's motion as to the first argument listed in this paragraph. Therefore, I need not reach the latter argument.

Accordingly, ROH's Motion to Strike Document Titled Cross–Claim (Docket $ 27) is denied for the reasons set forth below.

#### Discussion

According to Rule 7(a) of the Federal Rules of Civil Procedure, "[t]here shall be a

---

1. ROH also presents two wholly frivolous arguments, neither of which merits lengthy discussion. ROH argues first that SMR's motion violated Rule 12, but quotes inapplicable portions of the rule which relate to an *answer* to a cross-claim and *defenses* to claims for relief. ROH also argues that SMR's "Cross–Claim" does not comply with the requirements of Rule 13(a), regarding the timing of compulsory *counterclaims*. Indeed it does not.

complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, *if the answer contains a cross-claim....*" (emphasis added).

ROH suggests that the underscored language implies that cross-claims must be included in the answer to a complaint. Courts of appeal and district courts throughout the United States have issued divergent opinions on this issue, *compare Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3rd Cir. 1992), *on remand to Langer v. Presbyterian Medical Center of Philadelphia*, 1993 WL 410873 (E.D.Pa., Sep. 24, 1993) ("[U]nder Rule 7(a) cross-claims should be contained in a defendant's answer."); *In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 67 (8th Cir.1976) (holding that cross-claim must be asserted in Answer and denying leave to amend Answer where defendants attempted to file cross-claim three years after filing Answer and opposing party would be prejudiced by loss of time and money spent in attempting to settle the litigation) and *FDIC v. Soden*, 603 F.Supp. 629, 635 (D.C.Kan.1984) (holding that cross-claim must be stated in Answer, but granting leave to amend Answer), with *Skevofilax v. Quigley*, 810 F.2d 378, 385 (3rd Cir.1987), *cert. denied by Edison Tp., N.J. v. Skevofilax*, 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528; *Dunlap v. Aulson Corp.*, 90 F.R.D. 647, 657 (D.N.H.1981) (leave to file cross-claim granted in light of distant trial date); *Connell v. Bernstein–Macauley, Inc.*, 67 F.R.D. 111, 117 (S.D.N.Y.1975); *Lyons v. Marrud, Inc.*, 46 F.R.D. 451, 456 (S.D.N.Y.1968); *United States v. Sherwood Distilling Co.*, 235 F.Supp. 776, 780 (D.Md.1964), *affirmed per curiam sub nom Aetna Casualty & Surety Co. v. Sherwood Distilling Co.*, 344 F.2d 964 (4th Cir.1965); *Fogel v. United Gas Improvement Co.*, 32 F.R.D. 202, 203 (E.D.Pa.1963). *See* 6 Federal Practice and Procedure § 1431, at 242.

In virtually every case, however, including those in which leave to file a cross-claim was denied, the court's analysis of the request focused on whether the party opposing the request would suffer prejudice if the cross-claim were allowed. *See supra*, list of cases. The First Circuit spoke to this issue in *In re Arthur Andersen & Co., supra*, denying leave to file a cross-claim three years after filing of defendants' Answer. *In re Arthur Andersen & Co.*, 621 F.2d 37, 41 (1st Cir. 1980). The Court found that the party opposing the cross-claim would be prejudiced by losing the benefits of a "complex, hard earned settlement." *Id.* In the case at bar, the cross-claim was filed less than one month after the Answer was filed, and involves a claim virtually identical to that brought against ROH by the plaintiff. ROH objects to the cross-claim on a variety of technical grounds, as described above, but does not argue that he will be prejudiced by allowance of the cross-claim. I find that he will not be prejudiced.

The First Circuit's opinion in *Arthur Andersen, supra*, does not foreclose granting leave to file a cross-claim in cases such as the one at bar, in which prejudice to ROH will be minimal. This result, moreover, comports with the liberality of pleading that is a defining characteristic of the Federal Rules. *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

THEREFORE, defendant Dr. Rafael Otero Hernández' Motion To Strike Document Titled Cross–Claim is DENIED.

IT IS SO ORDERED.