**INTERNATIONAL MEDICAL TECHNOLOGY, INC.,**
Plaintiff,

v.

**LINTECH, LLC a/k/a SOFTWARE CENTER, INC., Defendant.**

**No. 98 CIV. 4794 (RMB) (JCF).**

United States District Court,
S.D. New York.

April 11, 2001.

Frederick J. Onorato, Law Office of Frederick J. Onorato, New York City, for plaintiff.

Norman I. Klein, Carlet, Garrison & Klein, LLP, New York City, for defendant.

### MEMORANDUM AND ORDER

FRANCIS, United States Magistrate Judge.

This is an action on a debt. International Medical Technology, Inc. ("IMT") seeks repayment of a loan of approximately $150,000 that it purportedly made to Software Center, Inc. ("SCI"), the predecessor in interest of the defendant, Lintech, LLC ("Lintech"). Lintech now moves pursuant to Rule 14(a) of the Federal Rules of Civil Procedure to implead Shmuel Sternfeld, formerly SCI's sole shareholder, as a third-party defendant. For the reasons that follow, the motion is denied.

*Background*

According to the complaint, SCI was a New York corporation until 1996, when it was dissolved and became a division of Comet Software International Ltd. ("Comet"), an Israeli company. (Compl. ¶ 9). In 1997,

Comet filed for bankruptcy, and as part of the liquidation Lintech purchased SCI's assets and assumed its liabilities pursuant to an agreement dated May 13, 1998. (Compl. ¶¶ 10, 12).

Lintech now seeks to commence a third-party action against Shmuel Sternfeld. According to the Proposed Third–Party Complaint ("3rd-Party Compl."), Mr. Sternfeld was the sole shareholder of SCI at the time it entered into the loan agreement with IMT. (3rd-Party Compl. ¶ 10). Lintech asserts three alternative claims against him. First, it argues that the plaintiff, IMT, is the alter ego of Mr. Sternfeld, and that Mr. Sternfeld (and, therefore, IMT) gave up all claims in the course of the Comet bankruptcy. (3rd-Party Compl. ¶ 14). Second, Lintech alleges that the loan at issue was never funded. (3rd-Party Compl. ¶ 14). Finally, even if it was, Lintech asserts that the money was received by Mr. Sternfeld and never passed on to SCI. (3rd-Party Compl. ¶ 14).

*Discussion*

■ The purposes of Rule 14(a) are to promote judicial economy, achieve consistent results, and avoid circuitous litigation. *See Hicks v. Long Island Railroad,* 165 F.R.D. 377, 379 (E.D.N.Y.1996); *Ez–Tixz, Inc. v. Hit–Tix, Inc.,* No. 93 Civ. 3791, 1995 WL 77589, at *7 (S.D.N.Y. Feb. 27, 1995); *Consolidated Rail Corp. v. Metz,* 115 F.R.D. 216, 218 (S.D.N.Y.1987). Nevertheless, "the right to implead third parties is not automatic," and the court "must balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and third party defendants." *Id.* (citations omitted). In exercising its discretion, a court will consider several factors, including:

(1) whether the movant deliberately delayed or was derelict in filing its motion; (2) whether prejudice will result to the third party defendant; (3) whether the trial of the principal action would be delayed or unduly complicated; and (4) whether the proposed third party complaint states a claim under which relief may be granted.

*Id.* (citation omitted). *See also Ez–Tixz,* 1995 WL 77589, at *7; *In re "Agent Orange" Product Liability Litigation,* 100 F.R.D. 778, 780 (E.D.N.Y.1984).[1]

■ Here, Lintech waited more than two years after the filing of the complaint to move to implead Mr. Sternfeld. The defendant attributes this delay to two factors: the need to take discovery and its decision not to begin impleader proceedings until its motion to dismiss had been decided. Neither rationale is persuasive.

The discovery that Lintech contends that it needed was related to establishing whether IMT had any record of funding the loan. (Memorandum of Law in Support of Motion for Leave to Implead at 10). Only when no such evidence was forthcoming did Lintech consider it appropriate to move to implead Mr. Sternfeld. But Lintech's conclusion does not follow from its premise. The absence of evidence of any transfer of funds by IMT strengthens Lintech's defense, but it in no way implicates Mr. Sternfeld. On the contrary, the argument for impleader would be more plausible if discovery showed that IMT did fund the loan and the proceeds were sent to Mr. Sternfeld but never reached the account of SCI. In any event, the discovery that Lintech asserts was crucial to impleader was completed by July 1999. (Reply Affidavit of Norman J. Klein dated Feb. 6, 2001, ¶¶ 3, 4). Nevertheless, the defendant delayed another fourteen months before making its motion.

Lintech attributes this hiatus to its decision to proceed first with its motion to dismiss. However, there was no legal impediment to making the motions simultaneously. Moreover, as time passed and Lintech became aware that the motion to dismiss was not going to be decided quickly, it was incumbent on the defendant to reevaluate its strategy. By failing to do so, Lintech was dilatory in filing its impleader motion.

Allowing impleader notwithstanding this delay would cause prejudice. Mr. Sternfeld is a resident of Israel. (3rd-Party Compl.

1. *Metz* and *"Agent Orange"* dealt in part with a local rule governing impleader that has since been repealed. *See Metz,* 115 F.R.D. at 219; *"Agent Orange",* 100 F.R.D. at 780. However, the factors governing a court's discretion remain the same. *See Ez–Tixz,* 1995 WL 77589, at *7.

¶ 3), and he would be required to engage in substantial discovery in this country in order to defend himself against the third-party claims. The plaintiff, too, would be prejudiced. *See Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y.1984) ("the Court recognizes that great delay does prejudice the plaintiff."). As in *"Agent Orange"*, 100 F.R.D. at 781, the parties would incur substantial costs taking discovery abroad and recalling witnesses who have already been deposed.

By contrast, denial of the impleader motion does not prejudice Lintech. If, in fact, the loan was never funded, then it has a complete defense and impleader would be superfluous. If, on the other hand, IMT did advance funds but they were diverted by Mr. Sternfeld, Lintech retains the right to commence an independent action against him. *See Hicks*, 165 F.R.D. at 380; *Metz*, 115 F.R.D. at 220.

Permitting impleader would not unduly complicate the trial of this action; it would, however, likely delay it. The discovery deadline has already been extended and is again fast approaching. The trial date has been set, but it would probably have to be adjourned since Mr. Sternfeld might well make a motion directed to the pleadings and the parties could make further dispositive motions once all discovery was finally completed.

The final factor to consider is whether the proposed impleader action states a claim on its face. Although the parties disagree whether the Proposed Third–Party Complaint would withstand a motion to dismiss, that issue need not now be decided. The other factors clearly dictate that the motion should be denied.

*Conclusion*

For the reasons set forth above, Lintech's motion to file a third-party action against Shmuel Sternfeld is denied.

SO ORDERED.