**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**CAPITAL CITY MORTGAGE CORPORATION, et al.,**
Defendants.

**Capital City Mortgage Corporation**

**and**

**Thomas K. Nash, Third Party Plaintiffs,**

v.

**Michael Shelton, et al., Third Party Defendants.**

**No. CIV.A. 98–237 JHG AK.**

United States District Court,
District of Columbia.

May 3, 1999.

**246**

Bradley H. Blower, Federal Trade Commission, Office of General Counsel, Herbert Alain Sheer, Sandra Mitchell Wilmore, Federal Trade Commission, Consumer Protection, Washington, DC, for Federal Trade Commission, plaintiffs.

Philip Michael Musolino, Musolino & Dessel, Washington, for Capital City Mortgage Corporation, a Maryland Corporation, Thomas K. Nash, defendants.

Jack A. Gould, Eccleston & Wolf, Washington, Stephen Norman Goldberg, Cohn & Goldberg, Baltimore, MD, Kevin Michael Murphy, Carr, Goodson, Lee & Warner, Washington, DC, James Richard Bucher, Sasscer, Clagett & Bucher, Upper Marlboro, MD, for Chester Katz, Ron Deutsch, Michael Shelton, third-party defendants.

### *ORDER*

JOYCE HENS GREEN, Senior District Judge.

Pending is the motion of defendants Capital City Mortgage Company and its president, Thomas K. Nash (collectively "Capital City") to file a second third-party complaint to implead an additional 51 third-party defendants. The Court requires further information from the parties to be in a position to rule on this motion.

By way of background, the Federal Trade Commission ("FTC") brought this action, alleging that Capital City engaged in unfair and deceptive practices in connection with extending consumer and business credit. Capital City is incorporated under the laws of the State of Maryland with its principal place of business in the District of Columbia and has been in the business of offering and extending consumer and business loans in Maryland, Virginia, and Washington, D.C. since about 1979.

The FTC seeks civil penalties, injunctive and other equitable relief for violations of four consumer protection statutes: the Federal Trade Commission Act, 15 U.S.C. §§ 41–58; the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691(f), and its implementing Regulation B, 12 C.F.R. § 202; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1666(j), and its implementing Regulation Z, 12 C.F.R. § 226. With respect to the FTC's TILA claim, Capital City filed a third-party complaint against three real estate settlement attorneys to whom Capital City alleges it delegated responsibility for compliance with TILA on certain loans.

This case was consolidated with *Hargraves et al. v. Capital City Mortgage Corp.*, Civ. No. 98–1021 for purposes of discovery. The

*Hargraves* plaintiffs advance different legal theories but allege facts similar to those alleged in this case. The lengthy and contentious discovery in these cases has been ably supervised by Magistrate Judge Kay. In the course of discovery, FTC received numerous debt collection letters sent by Capital City's General Counsel, Eric Sanne ("Sanne"), who has been acting as lead counsel for defendants in this case. FTC alleges that these letters violate the FDCPA. On February 3, 1999, FTC moved to amend its complaint to add Sanne as a defendant with respect to its FDCPA claims only. This Court granted the motion on March 11, 1999. The discovery cut-off has been extended to September 30, 1999.

In response to the FTC's first amended complaint, Capital City answered and attempted to file an amended third-party complaint that adds 51 new third-party defendants—title companies or attorneys to whom Capital City alleges it delegated its TILA obligations—without seeking leave of Court. Capital City believed that it could file this amended third-party complaint as a matter of course on the basis of Rule 14(a) of the Federal Rules of Civil Procedure. Rule 14(a) provides, in pertinent part, that leave of court is not required "if the third-party plaintiff files the third-party complaint not later than 10 days after serving the *original answer*." FED.R.CIV.P. 14(a) (emphasis added).

Three interpretations of "original answer" are possible, none of which would have authorized Capital City to file an *amended* third-party complaint without leave. Under a "plain language" interpretation, the "original" answer is the one that responds to the "original" complaint. If the complaint is amended, subsequent answers would be designated as the "Answer to the [First, Second, etc.] Amended Complaint" and would not be considered "original." *Cf.* CHARLES ALAN WRIGHT ET AL., 6 FEDERAL PRACTICE AND PROCEDURE § 1454 at 422 (2d ed.1990) (characterizing period within 10 days of "original answer" as "early in the proceeding").

Under a more nuanced, functional reading, the "original answer" can be an answer to an amended complaint, so long as the basis for impleader is that which is new, i.e. "original,"

in the answer to the amended complaint. *See Ez–Tixz, Inc. v. Hit–Tix, Inc.*, 1995 WL 77589 *6–7 (S.D.N.Y. Feb. 27, 1995); *Ahern v. Gaussoin*, 104 F.R.D. 37, 39 (D.Or.1984); *In re "Agent Orange" Product Liability Litig.*, 100 F.R.D. 778, 780 (E.D.N.Y.1984).

Finally, one court has reasoned that because an amended complaint which stands alone supplants any prior complaints, such an amended complaint becomes the original complaint and therefore the answer to such amended complaint becomes the "original answer" within the meaning of Rule 14(a). *See Nelson v. Quimby Island Reclamation District Facilities Corp.*, 491 F.Supp. 1364, 1387 (N.D.Cal.1980).

■ Each of these approaches concerns when the filing of the *original* third-party complaint may be done without leave of court. This Court believes the functional approach adopted by most courts is most in keeping with the intent of the rule. Under that approach, had Capital City not previously filed its third-party complaint, it still would be required to seek leave in this case because the "original" matters pled in FTC's first amended complaint concern its FDCPA claims; its TILA claims remain the same, as do Capital City's responses.

■ More importantly, none of the cases cited above discuss how Rule 14(a) (governing when a third party can be implead) and Rule 15(a) (governing the amendment of pleadings) are to be harmonized. Because a third-party complaint is a "pleading" within the meaning of the federal rules, and Rule 15(a) expressly governs how and when pleadings may be amended, this Court is of the view that Rule 15(a) governs amendment of a third-party complaint regardless of which interpretation of Rule 14(a) one adopts. It is for that reason that this Court previously ordered:

Although litigators and judges commonly use the term "pleading" as shorthand to refer to any papers filed with the Clerk of the Court, it is well understood that the term has a more precise meaning in the federal system. Rule 7(a) defines which filed documents truly are "pleadings." Rule 15(a) sets forth the conditions on

248

which such pleadings can be amended. Among those is that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ..." FED.R.CIV.P. 15(a). The term "responsive pleading" must be interpreted with reference to Rule 7(a). *See* WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1483 at 582 (2d ed.1990). The "responsive pleadings" to Capital City's Third Party Complaint were the Answers from the Third Party Defendants. Once those were filed, the time for Capital City to amend its Third Party Complaint "as a matter of course" terminated. Capital City may only do so "only upon leave of court or by written consent of the adverse party." FED.R.CIV.P. 15(a). Because leave has been neither requested nor granted and because the adverse parties have not consented in writing, Capital City's submission shall be returned forthwith.

Order of April 21, 1999.

Capital City responded to the April 21 Order with a motion to file its amended third-party complaint. Capital City candidly admits that this motion is essentially an installment in a larger project. It apparently intends to implead the settlement agency or attorney responsible for preparing the documentation that furnishes the basis for each TILA violation FTC alleges. Capital City claims that it cannot discern the full universe of such potential third-party defendants until FTC has disclosed the full universe of TILA violations it intends to pursue at trial.

Early in the case Capital City served "contention interrogatories" directing the FTC to identify each and every TILA violation FTC alleges, and the facts underlying the claim. FTC has provided some responses and has committed to continue supplementing these as it works through documents (perhaps a little slower than is necessary) received from Capital City. *See* Report and Recommendation of Magistrate Judge Kay, Apr. 27, 1999 at 5, 7, 10–11. Capital City has adopted a stance of righteous indignation, claiming that FTC has prejudiced its ability to develop a defense. *See id.* at 7. General federal practice demonstrates that Capital City's indignation is misplaced. *See generally In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 332–40 (N.D.Cal.1985) (surveying rules and practice governing contention interrogatories and concluding that "[w]hile these passages in the Rule and Notes probably do not go so far as to create a formal presumption in favor of not compelling responses to contention interrogatories until the end of the discovery period, they certainly invite courts to give active consideration to the wisdom of ordering such a postponement of answers to these kinds of interrogatories."); *see also B. Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D.Pa.1994).

That being said, this Court needs to know now what the FTC currently estimates to be the number of TILA violations it intends to pursue at trial and whether it will take one month or two for the FTC to finally identify all such TILA violations. Armed with that response, Capital City will be required to estimate the total number of third-party defendants it will seek to implead. In that regard, Capital City argues that it is "unable to assess the scope, extent and gravity of [FTC's] allegations, and thus cannot discern significant from insignificant TILA claims." Capital City's Mem. in Supp. of Amending Third Party Compl. at 10. As a result, Capital City claims that it is "left with no choice but to name all of the individuals who prepared the TILA statements for each of the loans listed by [FTC] to date." *Id.* For present purposes, the Court will assume without deciding that this tactic complies with Rule 11(b) of the Federal Rules of Civil Procedure.

The Court requires additional information to determine the best way to proceed. Adding 51 new parties at this stage—and probably more to be added later—could potentially cause significant disruption to the discovery schedule. The Court's guiding principle is that a significant disruption of the current discovery schedule will not be allowed. Assuming for the moment that the amended third-party complaint is timely and non-frivolous, three options suggest themselves: (1) grant the motion, and sever Capital City's case against the third-party defendants, *see* Rule 14(a); (2) grant the motion and bifur-

cate the trial in this case so that the TILA claims are tried separately; or (3) grant the motion and proceed.

To assess which option will best implement the Court's principle, the Court requires a primer on TILA to assess the extent of discovery required on the TILA claims and defenses thereto. Accordingly, it is hereby

**ORDERED** that not later than May 14, 1999 Capital City and the FTC shall file a **joint brief** not to exceed fifteen (15) pages that sets forth the elements that a TILA plaintiff must prove to show a violation, and the defenses available on the merits. Specifically, the parties shall address whether TILA governs disclosures made only in writing, or if it also covers oral statements, such as those made by a settlement agent at closing concerning the terms of credit being extended. It is

**FURTHER ORDERED** that each party shall also separately file not later than May 14, 1999 a position paper indicating that party's view of (1) the anticipated scope and length of discovery concerning the third-party claims; (2) whether the FTC's TILA claims and Capital City's third-party TILA claims are likely to be resolved on the merits by dispositive motion and the reasons supporting that position; and (3) the party's recommendation as to how the Court should proceed with respect to Capital City's third party claims.

IT IS SO ORDERED.