The GUARANTEE COMPANY OF
NORTH AMERICA, Plaintiff,

v.

Julio T. PINTO, Armandina M. Pinto,
Mainstay Mutual Funds, State Street
Bank and Trust Co., Boston Financial
Data Services, and Nationsbank, Defendants.

Nationsbank, Cross–Claim Plaintiff,
Cross–Claim Defendant,

v.

State Street Bank and Trust Co., Cross–
Claim Defendant, Cross–Claim
Plaintiff.

State Street Bank and Trust Co.,
Third–Party Plaintiff,

v.

Canam Steel Corporation, Third–
Party Defendant.

Civ.A. No. 98–12640RBC [1].

United States District Court,
D. Massachusetts.

July 22, 2002.

Paul R. Devin, Thomas C. Farrell, Peabody & Arnold LLP, Steven J. Bolotin, Sandra S. Calmes, Morrison, Mahoney & Miller, William T. Bogaert, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Boston, MA, for The Guarantee Company of North America.

Jack J. Mikels, Michael A. Wirtz, John J. Pedone, Eric F. Maillis, Jack Mickels & Associates, Quincy, MA, Darrell Mook, Michael P. Roche, Donavan Hatem, LLP, Boston, MA, Charles K. Mone, Campbell, Campbell & Edwards, Boston, MA, Anthony L. Meagher, Michael Hanlon, Piper, Marbury, Rudnick & Wolfe, LLP, Baltimore, MD, for Julio T. Pinto, Armandina M. Pinto, Mainstay Mutual Funds, State Street Bank and Trust Co., Inc., Boston Financial Data Services, Inc., Nationsbank, Canam Steel Corp.

---

1. With the parties' consent, this case has been referred and reassigned to the undersigned for all purposes including trial and the entry of judgment pursuant to 28 U.S.C. § 636(c).

*MEMORANDUM AND ORDER ON TWO MOTIONS TO STRIKE OR DISMISS THE THIRD–PARTY COMPLAINT (## 66 & 70)*

COLLINGS, United States Magistrate Judge.

## I. Introduction

The motions to strike or dismiss the third-party complaint raise the issue of whether a defendant, in this case State Street Bank and Trust Co. ("State Street"), can file a third-party complaint, in this case against Canam Steel Corporation ("Canam"), without leave of Court. The answer depends on whether an answer of State Street to a cross-claim by a co-defendant can be deemed an "original answer" as that phrase is used in Rule 14(a), Fed.R.Civ.P. The other players in the litigation are plaintiff Guarantee Company of North America ("Guarantee" or "the plaintiff"), defendants Julio T. Pinto ("J. Pinto") and Armandina M. Pinto ("A. Pinto"), Main-Stay Mutual Funds, Boston Financial Data Services and Nationsbank. Perhaps the best place to begin is with a statement of the facts.

## II. The Facts

Guarantee is the insurer for third-party defendant Canam and is subrogated to Canam's rights of recovery. (# 1 ¶¶ 8–9) Between November 1997 and April 1998, J. Pinto, a former accounting clerk for Canam, fraudulently drafted and endorsed company checks ("the checks") for payment to himself. (Amended Complaint # 34 ¶¶ 11–17) J. Pinto made the checks payable to vendors utilized by Canam, but slightly altered the names of some of the vendors. (# 1 ¶ 14; # 28) The checks were fraudulently endorsed by J. Pinto in these vendors' names. (# 1 ¶ 17; # 28) Two of the checks were deposited into A. Pinto's account with defendant State Street. (Entry of Default Judgment # 22; # 34 ¶ 17)[2] The fraudulent checks were drawn on third-party defendant Canam's account with Nationsbank. (# 1 ¶ 20)

Guarantee alleges that Nationsbank improperly debited Canam's account for the checks because the checks were not properly payable, were made payable to fictitious payees, and were paid over forged endorsements. (# 34 ¶¶ 27–30) Guarantee also avers that State Street was negligent in improperly depositing the checks, handling and/or processing the checks, and failing to verify that the checks that were sent to State Street for processing were properly payable, payable to genuine payees, and properly endorsed. (# 34 ¶¶ 49–55) Guarantee also seeks to "reach and apply any funds in any account belonging to A. Pinto at State Street in partial satisfaction of J. Pinto's or A. Pinto's indebtedness to Guarantee." (# 34 ¶ 59)

Guarantee's filing of an Amended Complaint on October 24, 2000 prompted a number of pleadings by the defendants. On October 15, 2001, Nationsbank filed an answer to the amended complaint together with a cross-claim against State Street. (# 60) On November 26, 2001, State Street filed an answer to Nationsbank's cross-claim and its own cross-claim against Nationsbank. In addition, without obtaining leave of Court, State Street filed a third-party complaint against Canam. (# 63)

In its cross-claim against State Street (# 60), Nationsbank alleged that State Street breached its presentment warranties under the UCC because it "wrongfully accepted and processed [the checks] for deposit and payment," "knew or should have known that [the checks] contained unauthorized endorsements," and presented the checks under a warranty under the UCC that all signatures were authentic and authorized. (# 60 ¶¶ 2–4) Additionally, Nationsbank demanded indemnification from State Street for all claims against Nationsbank. (# 60 ¶ 3)

State Street's cross-claim against Nationsbank alleged that if the plaintiff incurs damages, these damages would be the result of Nationsbank's negligence. (# 63 at 5) State Street also claimed that if it is liable to plaintiff Guarantee, then Nationsbank is

---

**2.** Four separate and final default judgments have been entered (## 19, 21, 24 & 28) disposing of all the claims against J. Pinto and A. Pinto.

jointly liable, and State Street is entitled to contribution from Nationsbank. (# 63 at 5)

As indicated, supra, State Street filed a third-party complaint against Canam, the insured subrogor of plaintiff Guarantee without first obtaining leave of Court. (# 63 at 7) In the third-party complaint, State Street asserted that if it is liable for the damages for the breach of presentment warranties alleged in the cross-claim filed by Nationsbank, then Canam is liable to State Street for these same damages because Canam breached presentment warranties owed to State Street. (# 63 at 7) If State Street has to indemnify Nationsbank under the cross-claim, then State Street claims that Canam must also indemnify Nationsbank as a result of Canam's "own conduct and breaches." (# 63 at 8) Finally, State Street seeks indemnification from Canam for damages to State Street that result from this action because State Street claims that Canam "breached certain warranties under the impostor or fictitious payee exception to the general rule governing forged endorsements." (# 63 at 9)

### III. The Rule

Rule 14, Fed.R.Civ.P., provides, in pertinent part:

(a) **When Defendant May Bring in Third Party.** At any time after commencement of the action, a defendant party, as a third-party plaintiff, may cause a summons and complaint to be served upon any person not a party to the action who is or may be liable to the third-party plaintiff for all or part of **the plaintiff's claim against the third-party plaintiff.** The third-party plaintiff need not obtain leave to make the service **if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.** Otherwise, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

\*   \*   \*   \*   \*   \*

A third-party defendant may proceed under this Rule against any person not a party to the action who is or may be liable to the third-party defendant for all or part of the claim made in the action against the third-party defendant.

(b) **When Plaintiff May Bring in Third Party.** When a counterclaim is asserted against a plaintiff, the plaintiff may cause a third-party to be brought in under the same circumstances which under this rule would entitle a defendant to do so.

Emphasis supplied.

Thus, as one commentator has stated:

Under Rule 14, impleader is authorized expressly for defendants in response to plaintiffs' claims, plaintiffs in response to defendants' claims, and third-party defendants in response to third-party plaintiffs' claims.

Greenbaum, "Jacks or Better to Open: Procedural Limitations on Co–Party and Third–Party Claims," 74 Minnesota Law Review 507, 554, n. 211 (1990).

### IV. Discussion

Pursuant to Rule 14(a), Fed.R.Civ.P., the party seeking to bring in a third party must request leave of Court to serve the third-party complaint if the complaint was filed later than ten days after serving the "original answer." The term "original answer" is not defined in Rule 14 and is subject to a literal or a functional interpretation.

According to a literal interpretation, the "original answer" is the answer to the "original" complaint, the complaint that commenced the action. See *Fed. Trade Comm'n v. Capital City Mortgage Corp.,* 186 F.R.D. 245, 247 (D.D.C., 1999). The advisory committee notes to Rule 14 support this "plain language" interpretation, for they describe impleader within ten days after service of the original answer as "early in the case." See 14 James Wm. Moore et al., Moore's Federal Practice § 14.04[2] (3d ed.2002); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1454 at 422 (2d ed.1990) (noting that the ten day period is "early in the proceeding"). Under this definition of "original answer" as the answer to the initial complaint, leave of Court would be required for State Street to file the third-party complaint because the third-party complaint (# 63) was

filed on November 26, 2001, almost three years after the answer to the initial complaint (# 2) was filed on January 25, 1999. Courts have also defined "original answer" more functionally to mean the answer that responds to the plaintiff's complaint on which the third-party claim is based. See *Fed. Trade Comm'n*, 186 F.R.D. at 247; *Ahern v. Gaussoin*, 104 F.R.D. 37, 39 (D.Or., 1984); *In re "Agent Orange" Prod. Liab. Litig.*, 100 F.R.D. 778, 780 (E.D.N.Y., 1984), overruled on other grounds, 635 F.2d 987 (1980), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981). This interpretation extends the definition of "original answer" to include not just the answer to the original complaint in the action but also the answer to an amended complaint if the amended complaint changes the need for impleader. See id.

■ State Street claims that its answer to defendant Nationsbank's cross-claim is the original answer because the cross-claim provides the basis for the impleader that State Street is seeking. (# 67 at 3; # 73 at 2) The problem with this argument is that no court has held that the definition of "original answer" includes an answer to a cross-claim or any claim other than a plaintiff's complaint or plaintiff's amended complaint. See *Fed. Trade Comm'n*, 186 F.R.D. at 247; *Ahern*, 104 F.R.D. at 39; *In re "Agent Orange"*, 100 F.R.D. at 780.

■ The requirements of Rule 14(a), Fed. R.Civ.P., also indicate that any extension of the definition of "original answer" beyond the answer to the initial complaint would be limited to answers to the plaintiff's amended complaint, and would not include answers to cross-claims. The language of the Rule only allows a defendant to bring in a third-party who is or may be liable to the defendant "for all or part of **the plaintiff's claim**" against the defendant. Rule 14(a), Fed.R.Civ.P. (emphasis added). Additionally, the "crucial characteristic of a Rule 14 claim is that the defendant is attempting to transfer to the third-party defendant the liability asserted against him by the **original plaintiff**." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9 Cir., 1988) (quoting Wright, supra, § 1446 at 377) (emphasis added). This focus on the original plaintiff's claim as the basis for the third-party's liability to the defendant indicates that the term "original answer" refers to an answer to the plaintiff's (initial or amended) complaint, and not an answer to a cross-claim filed by a co-defendant.

Rule 14(b), Fed.R.Civ.P., which allows a plaintiff to implead a third-party in response to a counterclaim, further supports the proposition that "original answer" does not refer to an answer to a cross-claim. Impleader in response to a counterclaim under Rule 14(b) is an explicit exception to the Rule 14(a) requirement that the third-party is or may be liable to the defendant "for all or part of the plaintiff's claim." So is the provision of Rule 14(a), Fed.R.Civ.P., which permits a third-party defendant to bring in another party (sometimes called a "Fourth–Party Defendant") "who is or may be liable to the third-party defendant for all or part of the claim made... against the third-party defendant." There is no provision in Rule 14 for a cross-claim defendant to bring in another party who may be liable to the cross-claim defendant for all or part of the claim made against the cross-claim defendant.[3] There being no such provision, there is no way that the term "original answer" could refer to the answer to a cross-claim, as State Street argues.

Thus, the latest possible answer that could be considered the "original answer" under the functional interpretation would therefore be State Street's answer to plaintiff Guarantee's amended complaint, filed on December 5, 2000. (# 37) State Street filed its third-party complaint (# 63) on November 26, 2001, almost one year after filing its answer to Guarantee's amended complaint. The third-party complaint was thus filed much later than ten days after State Street served the "original answer," whether the "original answer" is considered the answer to the original complaint (# 2) or the answer to the amended complaint (# 37). State Street is

---

3. As Professor Greenbaum notes: "Rule 14 is silent, however, about whether impleader can be raised by a co-party subject to a cross claim." Greenbaum, 74 Minn. L.Rev. at 526.

**474**

therefore required to obtain leave of Court to serve Canam. See Rule 14(a), Fed.R.Civ.P.

### V. Conclusion And Order

For these reasons stated, it is ORDERED that the Motion of Guarantee Company of North America to Strike the Third–Party Complaint (# 66) and Canam Steel Corporation's Motion to Strike, or in the Alternative to Dismiss the Third–Party Complaint (# 70) be, and the same hereby are, ALLOWED on the ground that the required leave of Court was not obtained. It is FURTHER ORDERED that the Third–Party Complaint against Canam Steel Corporation be, and the same hereby is, DISMISSED without prejudice.