**UNITED NATIONAL INSURANCE CORPORATION, et al.,**

v.

**JEFFERSON DOWNS CORPORATION, et al.**

#### No. CIV.A.97–18–D.

United States District Court,
M.D. Louisiana.

Dec. 12, 2003.

See also 257 F.Supp.2d 819.

Shelley Hammond Provosty, Montgomery, Barnett, Brown, Read, Hammond & Mintz, Gustave A. Fritchie, III, Irwin Fritchie Urquhart & Moore LLC, New Orleans, LA, for Plaintiffs.

Charles S. McCowan, Jr., Bradley Charles Myers, Troy J. Charpentier, James P. Dore', J. Carter Wilkinson, Port Allen, LA, Mark Daniel Mese, Shannan Sweeney Rieger, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Defendants.

Amos H. Davis, Baton Rouge, LA, for Intervenor–Plaintiff and Counter–Defendant.

### RULING AND ORDER

BRADY, District Judge.

This matter is before the court on a motion (doc. 49) filed by Jefferson Downs Corporation et. al. ("the Fair Grounds Defendants") to strike the Third Party Complaint filed on behalf of United National Insurance Corporation et. al. ("the Insurers"). The Insurers have filed an opposition. Subject matter jurisdiction is based upon 28 U.S.C. § 1332.

The procedural background of this action spans nearly seven years and is rather complex. The Insurers brought this action against the Fair Grounds Defendants on January 8, 1997. On April 3, 1997, the Fair Grounds Defendants filed an answer and a counterclaim against the Insurers. The Insurers answered the counterclaim on May 30, 1997 and were granted leave on January 31, 2003 to amend their answer to the counterclaim. On July 14, 2003, the Fair Grounds Defendants moved for leave to file an amended counterclaim, and after the motion was granted, filed the amended counterclaim on August 11, 2003. The Insurers filed their answer to the amended counterclaim on October 14, 2003, filing with it a Third Party Complaint, impleading Lloyds, London. The Third Party Complaint was filed without leave of court. The Fair Grounds Defendants now move this court to strike the Third Party Complaint, or, in the alternative, sever the Third Party Complaint and try it separately from the other claims. For reasons that follow, this court grants the Fair Grounds Defendants' motion to strike.

### *Analysis*

The Fair Grounds Defendants argue that this court should strike the Insurers' Third Party Complaint against Lloyds, London because the Insurers failed to seek leave of court, as is required by Fed.R.Civ.P. 14(a). Rule 14(a) provides, in pertinent part, that "[t]he third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than ten days after serving the *original answer.* Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." [1] In determining whether a third-party complaint was properly filed without leave of court, courts have interpreted the phrase "original answer" in three different ways.

The first interpretation is the plain language or literal reading of the rule. Under

---

1. Fed. R. Civ. P. 14(a) (West 2003) (emphasis added).

this interpretation, the "original answer" is the one that responds to the complaint that commenced the action. Courts following this interpretation find that leave of court is required for every third-party complaint unless it is filed within 10 days of the answer to the original complaint or counterclaim.[2] Another court has taken the opposite view and held that any answer to an amended complaint *becomes* the original answer when filed because it supplants any prior answers.[3] Under that view, the third party complaint must be filed within ten days of any answer to an amended complaint.

■ The third and more pragmatic approach allows an answer to an amended complaint to function as an original answer, within the meaning of the rule, if the amended complaint changes the need for impleader.[4] Under this view, the amended complaint must set forth new theories of liability, not just include new factual allegations.[5] If the third-party complaint is filed within ten days of filing the answer to such an amended complaint, leave of court is not required. This "functional" reading of the rule is the most widely-adopted view and is the interpretation currently accepted by this court.

■ In this case, the Insurers argue that leave of court was not required to file their third-party complaint because it was filed at the same time as their answer to the Fair Grounds Defendants' amended counterclaim. The Insurers maintain that the Fair Grounds Defendants' amended counterclaim set forth new claims, which caused the need to the Insurers to implead Lloyds, London. Therefore, this court must determine if the Fair Grounds Defendants' amended counterclaim set forth new theories of liability, thereby changing the need for impleader. A review of the Fair Grounds Defendants' amended counterclaim reveals that it added three paragraphs to the original counterclaim: paragraphs 10, 11, and 12.[6] Only paragraph 10 set forth a new theory of liability: breach of the duty of good faith and fair dealing. Paragraphs 11 and 12 simply reiterated the original counterclaims' request for attorneys' fees, costs, and other damages.[7]

Although paragraph 10 set forth a new theory of liability, it was not the basis of the Insurer's third-party complaint against Lloyds, London. The third-party complaint against Lloyds, London is solely for indemnity and contribution.[8] In fact, the Insurers admit that the only reason Lloyds, London was not impleaded earlier is because "Lloyds' policy obligation was not triggered until the underlying litigation was resolved, which only happened recently."[9] Because the Fair Grounds Defendants' amended counterclaim did not change the Insurer's need to implead Lloyds, London, the Insurer's answer filed on October 14, 2003 cannot serve as an "original answer" under Rule 14(a). Accordingly, the Insurers should have obtained leave of court to serve Lloyds, London.

### *Conclusion*

Accordingly, IT IS HEREBY ORDERED that the Fair Grounds Defendants' motion to strike the Insurers' third-party complaint against Lloyds, London (doc. 49) is **GRANTED** on the ground that the required leave of court was not obtained.

IT IS FURTHER ORDERED that oral argument is scheduled for Thursday, Decem-

---

2.  See *Fed. Trade Comm'n v. Capital City Mortgage Corp.,* 186 F.R.D. 245, 247 (D.D.C.1999); *Guarantee Co. of North America v. Pinto,* 208 F.R.D. 470, 473 (D.Mass.2002); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane Federal Practice and Procedure § 1454 (2d ed.1990).

3.  See *Nelson v. Quimby Island Reclamation District Facilities Corp.,* 491 F.Supp. 1364, 1387 (N.D.Cal.1980).

4.  See *Reynolds v. Rick's Mushroom Service, Inc.,* 2003 WL 22741335, *4 (E.D.Pa.2003); *Guarantee Co. of North America v. Pinto,* 208 F.R.D. 470, 473 (D.Mass.2002).

5.  *Reynolds,* 2003 WL 22741335, at *4 (citing *Oberholtzer v. Scranton,* 59 F.R.D. 572, 575 (E.D.Pa.1973)).

6.  See record doc. 23.

7.  *Compare* record doc. 23 *with* case # 96–3430, doc. 75.

8.  See doc. 44.

9.  See Mem. in Opp. to Motion to Strike Third Party Complaint or in the Alternative to Sever at p. 2.

ber 18, 2003 at 9:30 a.m. in courtroom one on the sole issue of whether the Insurers' third-party complaint against Lloyds, London should be dismissed without prejudice or tried with the principal action.